UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSH GLEN, individually and on behalf of all others
similarly situated,

                     Plaintiff,

-against-

ROSE & ROSE,

                     Defendant.
------------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSH GLEN ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, as and for his Complaint against the Defendant ROSE & ROSE (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

2. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## **PARTIES**

4. Plaintiff JOSH GLEN is a resident of the City and State of New York, residing 316 West 14th Street, in New York City.

5. Defendant ROSE & ROSE is a New York law firm focusing on landlord-tenant disputes in New York.

6. A large and primary part of Defendant's practice is the collection of consumer rent obligations, for unpaid rent owed on these consumer's residential apartments.

7. The Plaintiff is one such consumer, who has been repeatedly subjected to illegal collection practices, when the Defendant attempted to collect allegedly unpaid rent from him as part of a landlord-tenant dispute.

8. Plaintiff is a 'consumer' as the phrase is defined in the FDCPA under 15 USC §1692a (3).

9. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

10. The residential rent obligations that are the subject of this action are consumer 'debts' as the phrase is defined in the FDCPA under 15 USC §1692a (5).

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

13. Plaintiff brings Count I of this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

14. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

15. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozens, if not hundreds, of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

16. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17. There are questions of law and fact which are common to the Class and which predominate

over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

18. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

19. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

20. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

22. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

25. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

26. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

27. On June 29, 2018, the Plaintiff entered into a Lease Agreement with 316 West 14 Corp, Inc., to rent his current residence, an apartment located at 316 West 14th Street, in New York City.

28. The Plaintiff subsequently learned that the subject premises does not have a valid Certificate of Occupancy.

29. Instead, the Certificate of Occupancy for the subject building states that the 2nd, 3rd and 4th floors of the Subject Building are "Furnished Rooms", considered a Class B apartment in New York City.

30. Class B apartments do not generally have full bathrooms or kitchens; however, the Plaintiff's apartment, located on the 2nd floor of the Subject Building, contains both a kitchen and full 3-piece bathroom, which clearly constitutes a Class A apartment.

31. Under New York law, rent cannot be sought or collected from tenants if there is no valid Certificate of Occupancy covering the premises. *See e.g., 58 E. 130th St. LLC v. Mouton,* 25 Misc. 3d 509, 511, 884 N.Y.S.2d 627, 628 (Civ. Ct. 2009); Multiple Dwelling Law §301, §302.

32. On December 17, 2018, the Defendant served a rent demand directly on the Plaintiff.

33. On several occasions, including on December 21, 2018, the Plaintiff's counsel notified Defendant that the Plaintiff was represented by counsel, and that rent could not be lawfully sought from the Plaintiff until the landlord had complied with its obligation to secure a valid Certificate of Occupancy for the premises.

34. Subsequently, on December 27, 2018, the Defendant filed an eviction proceeding against the Plaintiff in Housing Court, wherein the Defendant sought a money judgment against the Plaintiff for $9,280.00 plus costs and attorneys' fees.

35. In the Rent Demand, and again in the Petition filed in the Housing Court, the Defendant claimed that the Plaintiff owed rent to an entity named 316 West 14 Management, LLC.

36. This is plainly false, as Plaintiff owes no money to any such entity.

37. As alleged above, the Plaintiff's Lease Agreement is with a completely separate entity, named 316 West 14 Corp, Inc.

38. 316 West 14 Management, LLC does not own the subject premises.

39. This is not something unknown to the Defendant; ownership of buildings, such as the Plaintiff's building, can be easily and independently verified with the New York

Department of Finance.

40. Despite having actual knowledge that 316 West 14 Management, LLC is not entitled to any rent (a) because there is no valid Certificate of Occupancy, and (b) because Plaintiff simply is not indebted to that company and has no relationship with that company, Defendant nonetheless falsely represented in the Rent Demand and Housing Court Petition that the Plaintiff owed $9,280.00, plus costs and attorneys' fees, to 316 West 14 Management, LLC.

41. By suing the Plaintiff for nonpayment of rent through 316 West 14 Management, LLC, Defendant harmed the Plaintiff, who was thereby effectively prevented from defending and counterclaiming against these claims, since the named plaintiff in that action was not his actual landlord against whom these counterclaims could possibly affect.

42. Furthermore, the Plaintiff could not possibly seek discovery from such an entity, who was not actually the landlord, and who therefore would not have the discoverable information necessary to aid the Plaintiff's claims and defenses.

43. On or about January 14, 2019, the Defendant then called the Plaintiff directly regarding the pending Housing Court case, despite having knowledge that the Plaintiff was represented by counsel with regards to that matter.

44. On November 4, 2019, the New York County Housing Court (Index Number LT-081316-18) agreed that 316 West 14 Management, LLC was not entitled to any rent from the Plaintiff, as that entity does not own the subject premises, and dismissed the housing court action filed against the Plaintiff.

45. As a result of the Defendant's actions, the Plaintiff was harmed.

46. The Plaintiff was harmed by being subjected to abusive and deceptive collection practices, which he had a substantive right to be free from.

47. The Plaintiff was further harmed by having to hire a landlord tenant attorney and having to spend over $10,000 to defend claims against him that were clearly baseless, and which Defendant knew, or should have known, were baseless.

### COUNT I – Individually and on behalf of the Class
*Violations of the FDCPA - 15 USC §1692e and 15 USC §1692g*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

49. Plaintiff brings this Count on behalf of himself and all others similarly situated.

50. 15 USC §1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

51. Defendant violated 15 USC §1692e when it falsely claimed that Plaintiff was indebted to 316 West 14 Management, LLC, despite knowing full and well that the Plaintiff owed no money to any such entity.

52. 15 USC §1692g(a)(2) requires debt collectors to clearly and unambiguously state the name of the debtor's current creditor in their first communication with the consumer.

53. Upon information and belief, the Rent Demand served by Defendant on the Plaintiff on December 17, 2018 was the Defendant's initial communication with the Plaintiff.

54. Defendant violated 15 USC §1692g(a)(2) when it falsely claimed in the Rent Demand that Plaintiff was indebted to 316 West 14 Management, LLC, despite knowing full and well

that the Plaintiff owed no money to any such entity.

55. This claim is brought as a class action, because this is not an isolated instance where the Defendant has falsely claimed that tenants in the Plaintiff's building are indebted to 316 West 14 Management, LLC.

56. Instead, the Defendant has repeatedly made the false claim that money is owed to 316 West 14 Management, LLC by tenants in the Plaintiff's building, subsequently suing those tenants when the illegal demand for payment is rebuffed. *See e.g., 316 West 14 Management, LLC v. Caitlyn Levine,* filed in New York County Housing Court bearing Index Number LT-060370-19; *316 West 14 Management, LLC v. Marco Marandola,* filed in New York County Housing Court bearing Index Number LT-056962-18.

57. Plaintiff has proof of additional instances where the Defendant has falsely claimed that rent monies were by tenants in the Plaintiff's building to 316 West 14 Management, LLC.

58. In each of these instances, Defendant makes the claim that rent monies are owed to 316 West 14 Management, LLC despite knowing that this claim is false.

59. As a result of Defendant's violations of the FDCPA, the Plaintiff and the class members have been damaged and are entitled to damages in accordance with the FDCPA.

## COUNT II - individually
### *Violations of the FDCPA - 15 USC §1692c(a)(2)*

60. Plaintiff repeats, reiterates and incorporates the allegations contained the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

61. 15 USC §1692c(a)(2) prohibits a debt collector from communicating with a consumer concerning a debt if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such

attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

62. On several occasions, including on December 21, 2018, the Plaintiff's counsel advised the Defendant that the Plaintiff was represented by counsel.

63. Despite having actual knowledge that the Plaintiff was represented by counsel with regards to his Housing Court matter, on or about January 14, 2019, the Defendant called the Plaintiff directly to discuss the matter.

64. Worse, on the January 14, 2019 call - even after the Plaintiff specifically mentioned that he was represented by counsel with regards to the matter - the Defendant's counsel continued to attempt to discuss the matter with the Plaintiff directly for a while, rather than immediately ending the call.

65. As a result of Defendant's violations of the FDCPA, the Plaintiff has suffered damage, and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

66. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    C.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA;

E. For an Order, certifying this class as a class action, and appointing the Plaintiff as class representative.

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 13, 2019

Respectfully submitted,

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com