UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSH GLEN, individually and on behalf of
all others similarly situated,

                          Case No. 1:19-cv-11429 (RA)

              Plaintiff,

    -against-                           **ANSWER**

ROSE & ROSE,

              Defendant.
--------------------------------------------------------X

Defendant Rose & Rose ("Defendant"), by its attorneys Kaufman Dolowich & Voluck, LLP, as and for its Answer to the Complaint of plaintiff Josh Glen ("Plaintiff"), alleges:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Paragraph "1" of the Complaint consists of a legal conclusion to which no response is required.

2. Paragraph "2" of the Complaint consists of a legal conclusion to which no response is required.

3. Paragraph "3" of the Complaint consists of a legal conclusion to which no response is required.

## PARTIES

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, except admits upon information and belief that Plaintiff is a natural person.

5. Denies the allegations contained in paragraph "5" of the Complaint, except admits that Rose & Rose is a law firm located in New York that has represented clients in landlord-tenant matters.

6. Denies the allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraph "7" of the Complaint.

8. Paragraph "8" of the Complaint consists of a legal conclusion to which no response is required.

9. Paragraph "9" of the Complaint consists of a legal conclusion to which no response is required.

10. Paragraph "10" of the Complaint consists of a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

11. Paragraph "11" of the Complaint consists of a legal conclusion to which no response is required.

12. Paragraph "12" of the Complaint consists of a legal conclusion to which no response is required.

## ALLEGATIONS FOR CLASS ACTION

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

25. Denies the allegations contained in paragraph "25" of the Complaint.

## FACTUAL ALLEGATIONS

26. In response to the allegations contained in paragraph "26" of the Complaint, Defendant repeats its responses to paragraphs "1" through "25" of the Complaint as is fully set forth herein.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint and respectfully refers the Court to the document referenced therein for its content.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Paragraph "31" of the Complaint consists of a legal conclusion to which no response is required.

32. Denies the allegations contained in paragraph "32" of the Complaint, except admits that on December 17, 2018 Plaintiff was served with a five (5) day notice detailing rent arrears (the "Predicate Notice") and an accompanying letter from Defendant (the "Letter").

33. Denies the allegations contained in paragraph "33" of the Complaint, except admit that Defendant was contacted by Plaintiff's counsel on December 21, 2018.

34. Denies the allegations contained in paragraph "34" of the Complaint, except admits that, on December 27, 2018, Defendant, as counsel for the petitioner, filed a proceeding against Plaintiff in the Housing Part of the New York City Civil Court (the "Housing Court") titled, <u>316 West 14 Management LLC v. Glen</u>, Index No. LT-813116-18/NY (the "Housing Court Proceeding"). Defendant respectfully refers the Court to the notice of petition and petition in the Housing Court Proceeding for their content.

35. Denies the allegations contained in paragraph "35" of the Complaint, except admits that the Predicate Notice, the Letter and the petition in the Housing Court Proceeding identified 316 West Management LLC as Plaintiff's landlord and that the Letter identified 316 West Management LLC as Plaintiff's creditor. Defendant respectfully refers the Court to the foregoing documents for the balance of their content.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

38. Denies having knowledge or information sufficient to for a belief as to the allegations contained in paragraph "38" of the Complaint.

39. Denies the allegations contained in paragraph "39" of the Complaint.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies the allegations contained in paragraph "43" of the Complaint.

44. Denies the allegations contained in paragraph "44" of the Complaint, except admits that the Housing Court issued an order dismissing the Housing Court Proceeding on November 4, 2019. Defendant respectfully refers the Court to the order for its content.

45. Denies the allegations contained in paragraph "45" of the Complaint.

46. Denies the allegations contained in paragraph "46" of the Complaint.

47. Denies the allegations contained in paragraph "47" of the Complaint.

## ANSWERING COUNT I
### (Violations of the FDCPA - 15 U.S.C. § 1692e and 15 U.S.C. § 1692g)

48. In response to the allegations contained in paragraph "48" of the Complaint, Defendant repeats its responses to paragraphs "1" through "47" of the Complaint as is fully set forth herein.

49. Paragraph "49" of the Complaint consists of a legal conclusion to which no response is required.

50. Paragraph "50" of the Complaint consists of a legal conclusion to which no response is required.

51. Denies the allegations contained in paragraph "51" of the Complaint.

52. Paragraph "52" of the Complaint consists of a legal conclusion to which no response is required.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. Denies the allegations contained in paragraph "54" of the Complaint.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint.

57. Denies the allegations contained in paragraph "57" of the Complaint.

58. Denies the allegations contained in paragraph "58" of the Complaint.

59. Denies the allegations contained in paragraph "59" of the Complaint.

## ANSWERING COUNT II
### (Violations of the FDCPA - 15 U.S.C. § 1692c(a)(2))

60. In response to the allegations contained in paragraph "60" of the Complaint, Defendant repeats its responses to paragraphs "1" through "59" of the Complaint as is fully set forth herein.

61. Paragraph "61" of the Complaint consists of a legal conclusion to which no response is required.

62. Denies the allegations contained in paragraph "62" of the Complaint, except admits that Defendant was contacted by Plaintiff's counsel on December 21, 2018.

63. Denies the allegations contained in paragraph "63" of the Complaint.

64. Denies the allegations contained in paragraph "64" of the Complaint.

65. Denies the allegations contained in paragraph "65" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66. The first count of Plaintiff's Complaint fails to state a claim upon which relief can be granted under the FDCPA.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. Plaintiff's claims under the FDCPA are barred, in whole or in part, under the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68. Any alleged violation of the FDCPA by Defendant was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69. Plaintiff has not suffered any actual injury as a result of Defendant's alleged acts.

**WHEREFORE**, Defendant hereby demands:

a. Judgment dismissing the Complaint and all causes of action purportedly pleaded therein as against Defendant with prejudice;

b. Costs and disbursements of this action, including attorneys' fees; and

c. Such other and further relief as this Court deems just, equitable and proper.

Dated: Woodbury, New York
       February 21, 2020

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: /s/ Brett A. Scher
    Brett A. Scher, Esq.
    Adam M. Marshall, Esq.
    *Attorneys for Defendant*
    135 Crossway Park Drive, Suite 201
    Woodbury, New York 11797
    (516) 681-1100

To:  All Counsel via ECF